UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTONIO D. COLLIER,

          Petitioner,                                     Case No. 23-cv-12325

v.                                              HON. MARK A. GOLDSMITH

ANTHONY M. WICKERSHAM,

          Respondent.

_____/

**OPINION AND ORDER (1) SUMMARILY DISMISSING THE HABEAS PETITION, (2) DENYING A CERTIFICATE OF APPEALABILITY, AND (3) DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Petitioner Antonio D. Collier has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his formerly pending state criminal proceedings in the Macomb County Circuit Court. For the reasons set forth herein, the Court dismisses the habeas petition as moot, denies a certificate of appealability, and denies leave to proceed in forma pauperis on appeal.

## I.   BACKGROUND

Petitioner was confined in the Macomb County Jail in Mt. Clemens, Michigan when he initiated this habeas action. Public records for the Macomb County Circuit Court show that on August 28, 2023, Petitioner pleaded no contest to resisting or obstructing a police officer in violation of Mich. Comp. L. § 750.81d. Petitioner signed and dated his petition on August 29, 2023, the day after the trial court docketed his no-contest plea. Petitioner was awaiting sentencing at the time he filed his petition. The petition appears to raise claims concerning the Fourth Amendment, violations of the Extradition Act, ineffective assistance of trial counsel, and

excessive bond.  See Dkt. 1.  Petitioner requested his plea be withdrawn, the charges dismissed against him, and his release from custody.  Dkt. 1, PageID.7.  On October 19, 2023, the Macomb County Circuit Court sentenced him to 80 days in jail or time served.  Petitioner has not appealed his conviction and sentence in the state courts.

## II.   ANALYSIS

Under Rule 4 of the Rule Governing Section 2254 Proceedings in the United States District Courts, the court must review a petition for federal habeas corpus relief and dismiss it "[i]t plainly appears from the petition . . . that the petitioner is not entitled to relief." After considering this petition and all matters of record, the Court dismisses this petition for the foregoing reasons.

Section 2241 confers upon federal courts the jurisdiction to consider petitions for writ of habeas corpus of state pretrial detainees. Atkins v. People of the State of Mich., 644 F.2d 543, 546 (6th Cir. 1981).  However, a pretrial detainee's § 2241 petition becomes moot if the detainee is convicted of the state charges pending against him. See Murphy v. Hunt, 455 U.S. 478, 481-82 (1982) (per curiam) (a pretrial detainee's claim to pretrial bail becomes moot once convicted); see also Yohey v. Collins, 985 F.2d 222, 228-29 (5th Cir. 1993) (pretrial detainee's § 2241 petition denied as moot after conviction); Jackson v. Clements, 796 F.3d 841, 843 (7th Cir. 2015) (same); Thorne v. Warden, Brooklyn House of Detention for Men, 479 F.2d 297, 299 (2d Cir.1973) ("Since [petitioner] is now held as a convicted defendant rather than merely on a criminal charge not yet brought to trial, the issue as to the legality of his continued pretrial detention has been mooted, and it therefore becomes unnecessary to resolve the constitutional issues presented."); see also Stampone v. Lajoye-Young, No. 22-1464, 2022 WL 3651312, at *1 (6th Cir. Aug. 1, 2022).  Petitioner was convicted of the crime charged prior to initiating this §

2

2241 habeas action; therefore, his claims arising from his pretrial detention are dismissed as moot.

Under proper circumstances, a pretrial § 2241 petition may be re-characterized as a petition under 28 U.S.C. § 2254 after the petitioner is convicted in state court. Saulsberry v. Lee, 937 F.3d 644, 647 (6th Cir. 2019).  However, such a re-characterization is not proper under the circumstances as Petitioner has yet to appeal his conviction and sentence in the state court. Petitioner's claims must be exhausted first.

### III.  CONCLUSION

For the reasons stated, the Court concludes that Petitioner's challenge to his state criminal case is rendered moot by his state criminal conviction.  Accordingly, the Court dismisses with prejudice the habeas petition.

"[A] state prisoner incarcerated pursuant to a state conviction who seeks habeas relief under § 2241 must obtain a [certificate of appealability] before appealing [to the Sixth Circuit]." Greene v. Tenn. Dep't of Corr., 265 F.3d 369, 370 (6th Cir. 2001).  Under Slack v. McDaniel, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. Id. The Court concludes that reasonable jurists could not find it debatable whether Petitioner's application should be dismissed as moot. Therefore, a certificate of appealability will be denied.

Lastly, the Court concludes that an appeal from this decision cannot be taken in good faith. <u>See</u> Fed. R. App. P. 24(a). Accordingly, the Court denies leave to proceed in forma pauperis on appeal.

This case is closed.

**SO ORDERED.**

Dated: November 13, 2025                                   s/Mark A. Goldsmith
Detroit, Michigan                                                MARK A. GOLDSMITH
                                                                       United States District Judge


## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 13, 2025.

                                                                       s/Joseph Heacox
                                                                       JOSEPH HEACOX
                                                                       Case Manager